UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAIPING CHEN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SERGIO ALBARRAN, et al.,<br><br>　　　　　Respondents. | No. 1:26-cv-00770-DAD-JDP<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

　　　　On January 29, 2026, petitioner Haiping Chen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United State Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 1 at 1.) On January 29, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release and *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC),

1

1   2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), in which the court concluded that previously
2   releasing the petitioner on his own recognizance created a reliance interest such that the petitioner
3   was entitled to the due process available under 8 U.S.C. § 1226(a).  (Doc. No. 6.)
4          On January 30, 2026, respondents filed an opposition to the motion for temporary
5   restraining order.  (Doc. No. 8.)  Respondents concede therein that, "there are no substantial
6   factual or legal issues that render this case distinguishable from this Court's prior decisions in
7   similar cases."  (*Id.* at 1.)  Respondents also state that they do not oppose converting the motion
8   for temporary restraining order to a motion for preliminary injunction.  (*Id.*)  Moreover,
9   respondents state that they are amenable "to a determination on the underlying habeas petition."
10  (*Id.*)
11         On February 2, 2026, petitioner filed a reply in support of his petition for writ of habeas
12  corpus and motion for a temporary restraining order.  (Doc. No. 9.)  Petitioner requests therein
13  that the court grant both the motion for a temporary restraining order and the petition for writ of
14  habeas corpus.  (Doc. No. 9 at 3.)
15         In support of his petition for writ of habeas corpus and motion for a temporary restraining
16  order, petitioner presents evidence of the following.
17         Petitioner entered the United States on February 25, 2024, was detained by immigration
18  authorities, and subsequently released by those authorities on his own recognizance pursuant to 8
19  U.S.C. § 1226.  (Doc. Nos. 1-5 at 1; 1-6 at 1.)  Petitioner alleges he was re-detained on June 24,
20  2025, without notice or a hearing, when he appeared as directed before an immigration judge.
21  (Doc. No. 1 at 5.)
22         Because respondents have conceded that the circumstances of this case are not
23  substantively distinct from those addressed by the court in its prior order in *Ayala Cajina* and
24  *O.A.C.S.*, the court incorporates and adopts the reasoning set forth in those orders and finds that
25  petitioner's continued detention violates due process.
26  /////
27  /////
28  /////

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his re-detention on June 24, 2025;

    b. Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to bringing a properly noticed and supported motion seeking such fees and costs;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: __**February 2, 2026**__                  _/s/ Dale A. Drozd_
                                                DALE A. DROZD
                                                UNITED STATES DISTRICT JUDGE